UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GARAGE PLUS STORAGE AVIATION LLC, et al., <br><br> Defendants. | CASE NO. C21-5579 BHS <br><br> ORDER DENYING AS MOOT PLAINTIFFS' MOTION FOR CLARIFICATION OR PARTIAL RECONSIDERATION |

This matter comes before the Court on Plaintiffs Ohio Security Insurance Company and Ohio Casualty Insurance Company's (collectively "Ohio") motion for clarification or partial reconsideration. Dkt. 51.

Ohio commenced this declaratory judgment action in August 2021 involving a dispute as to liability insurance coverage for an underlying state court action, *Alan Rainwater, et al. v. Marlene Perdue, et al.*, Pierce County Case No. 18-2-12960-1. Dkt. 1. On April 25, 2022, the Court ruled on Ohio's motion for summary judgment, motions to strike and dismiss Defendants' affirmative defenses, and motion for protective order, and Defendant Alan Rainwater's Rule 56(d) motion to continue. Dkt. 50. Relevant to the

ORDER - 1

instant motion, the Court converted Defendants' affirmative defenses asserting bad faith and coverage by estoppel into counterclaims pursuant to Rule 8(c)(2). *Id.* at 8–9. The Court granted Ohio's motion to dismiss but dismissed the counterclaims without prejudice and with leave to amend. *Id.* at 9. The Court also granted Ohio's motion for summary judgment on the narrow issue of whether Ohio had a duty to defend or indemnify Defendants Garage Plus Storage Aviation LLC, Danny Simon, or Jeremy Simon in the underlying state court action. *See id.* at 12–18.

On April 27, 2022, Ohio moved for the Court to modify its April 25 Order pursuant to Federal Rule of Civil Procedure 60. Dkt. 51. Specifically, it requests that the Court strike the following as a clerical error:

> While the Court has concluded that, as a matter of law, Ohio did not have a duty to defend or indemnify Defendants Garage Plus, Danny Simon, or Jeremy Simon in the Underlying Action, there are still issues and counterclaims to be resolved. Ohio's proposed order on its motion for summary judgment seeks a declaratory judgment that it correctly denied the claims for liability coverage, that it had no obligation to accept or respond to the Estate's settlement offers, and that it did not breach its Policies with Garage Plus. *See* Dkt. 14-1. As discussed above, Defendants have raised the issue of bad faith, and "an insurer that, in bad faith, refuses or fails to defend is estopped from denying coverage." [*Truck Ins. Exch. v.*] *Vanport Homes*, 147 Wn.2d [751,] 759 [(2002) (en banc)].
> The Court will not enter judgment and close the case until the counterclaim of bad faith and coverage by estoppel are resolved. Accordingly, discovery should commence on these issues, if it has not already begun . . . .

Dkt. 50 at 19. Ohio argues that this portion of the Court's Order was clerical error because Defendants had yet to file an amended pleading and, as such, there were no active counterclaims. Dkt. 51 at 3–4.

1    "It is well established that district courts have inherent power to control their

2    docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010)

3    (citations and quotations omitted). "The inherent powers are mechanisms for 'control

4    necessarily vested in courts to manage their own affairs so as to achieve the orderly and

5    expeditious disposition of cases.'" *Id*. (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32,

6    43 (1991)). The Court was aware that there were no active counterclaims, and Defendants

7    were ordered to amend their Answers accordingly. It was the purpose of the Court to

8    achieve an expeditious disposition of the assertion of bad faith and proceed to the merits

9    of the case. In any event, Ohio's motion for clarification or partial reconsideration has

10    been mooted by Defendant Alan Rainwater's amended answer, which asserts an

11    insurance bad faith counterclaim. *See* Dkt. 52, ¶¶ 73–90.

12    Ohio's motion for clarification or partial reconsideration, Dkt. 51, is therefore

13    **DENIED as moot**.

14    **IT IS SO ORDERED.**

15    Dated this 11th day of May, 2022.

BENJAMIN H. SETTLE
United States District Judge