THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY and THE OHIO CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>GARAGE PLUS STORAGE AVIATION, LLC, a Washington LLC; DANNY SIMON, an individual; MARLENE PERDUE, individually, and as Personal Representative of the Estate of JEREMY SIMON, MOUNTAIN CREST HOMES LLC, a Washington LLC; ALAN E. RAINWATER, individually and as Personal Representative for the Estate of SUSAN M. RAINWATER, and LEAH MARIE MILLER, an individual,<br><br>Defendants. | No.: 3:21-cv-05579-BHS<br><br>PLAINTIFF'S MOTION TO DISMISS DEFENDANT ALAN RAINWATER'S AMENDED COUNTERCLAIM<br><br>NOTE ON MOTION CALENDAR:<br>June 17, 2022<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs Ohio Security Insurance Company ("Ohio Security") and The Ohio Casualty Insurance Company ("Ohio Casualty") (together, "Ohio") submit this Motion to Dismiss the Amended Counterclaim filed by Defendant Alan Rainwater (the "Estate") (Dkt. 52).

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 1

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

## I. INTRODUCTION

The Estate's Amended Counterclaim fails to state a claim upon which relief could be granted and should be dismissed with prejudice and without leave to amend. The Estate's Amended Counterclaim is nonsensical and adds nothing of any substance to the meaningless and conclusory allegations it previously offered in the form of "affirmative defenses." Like the previous allegations, the Estate continues to assert that Ohio acted in bad faith because it "denied coverage." That allegation is even less persuasive at this stage, however, as the Court has since granted Ohio's Motion for Summary Judgment and determined, as a matter of law, that the Policies do not afford coverage. Because Ohio's coverage determination was not only reasonable, but correct, that determination cannot provide the basis for a bad faith claim.

Although Washington law recognizes the theoretical possibility of a claim for bad faith notwithstanding the absence of coverage, the Amended Counterclaim does not allege facts that would support such a claim in this case. This type of claim protects the insured's right to an adequate and timely investigation of the claim. Thus, to avoid such a claim, "[t]he insurer is only required to fulfill its contractual and statutory obligation to fully and fairly investigate the claim." *Coventry Assoc. v. Am. States Ins. Co.*, 136 Wn.2d 269, 279, 961 P.2d 933 (1998). The Amended Counterclaim fails to allege any defects in Ohio's investigation, however. On the contrary, it admits that Ohio promptly communicated its coverage determination within six days of receiving the tender. The Estate alleges no facts to even so much as suggest that this prompt handling reflected anything other than Ohio's responsiveness to communications from its insured.

The remaining allegations in the Amended Counterclaim all involve conduct that occurred only *after* Ohio had completed its investigation and therefore cannot state a claim for bad faith in the face of Ohio's correct coverage determination. The Estate alleges that, three months after Ohio had denied coverage, Ohio "discussed" the possibility of delaying a mediation scheduled in the underlying state court lawsuit with the insurer for a co-defendant.

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 2

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

The Counterclaim does not, however, provide any explanation as to how this delay or cancellation would have benefited Ohio or harmed its insured. And, in any event, the Counterclaim itself concedes that the alleged attempted delay or cancellation never actually occurred. Thus, even assuming the truth of the allegations, they fail to give rise to a cognizable claim for bad faith as a matter of law.

For these reasons, Ohio respectfully requests that the Estate's Amended Counterclaim be dismissed. And because the Estate has now had two opportunities to allege a counterclaim that complies with the Federal Rules of Civil Procedure and has failed to do so on both occasions, Ohio submits that further amendments would be futile. Accordingly, Ohio requests that the Court dismiss the Amended Counterclaim with prejudice and without leave to amend.

## II.  FACTS

### 1.  Background

Ohio filed this declaratory judgment action on August 12, 2021 seeking to obtain a determination by this Court that insurance policies Ohio issued to Defendant Garage Plus did not afford coverage for an underlying state court lawsuit, *Alan Rainwater, et al. v. Marlene Perdue, et al.*, Washington State Superior Court, Pierce County Case No. 18-2-12960-1 (the "Underlying Action"). (Dkt. 1). The operative Fourth Amended Complaint in that lawsuit alleged that Jeremy Simon struck and killed the decedent, Susan Rainwater, while acting within the scope of his employment for Garage Plus and operating a vehicle owned by his father, Danny Simon. (Dkt. 1-3). Because Ohio did not issue any auto insurance policies to any of the Defendants, and the commercial general liability policies it did issue to Garage Plus contained a common exclusion for injury arising out of the use of an auto, Ohio denied defense and indemnity coverage for the Underlying Action. (Dkt. 1-6).

Unsatisfied with this result, the Estate entered into a "Settlement Agreement, Assignment of Rights, Covenant Not to Execute, and Covenant Judgment" with Garage Plus. (Dkt. 1-7). In that agreement, Garage Plus agreed to entry of judgment against it in the amount

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 3

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

of $12 million in exchange for the Estate's agreement that it would pursue recovery of that amount solely from "Liberty Mutual"—a mistaken designation apparently intended to identify the corporate parent of the Ohio entities—and "Nautilus"—an unrelated insurer who had issued general liability policies to a different entity, Mountain Crest Homes, LLC ("Mountain Crest").[1]  (Dkt. 1-7).  Under Washington law, a stipulated settlement has the potential to set the presumptive measure of the insured's damages in a bad faith lawsuit against its insurer. *Mutual of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.*, 161 Wn.2d 903, 919, 169 P.3d 1 (2007).  To prevent the Estate from using Ohio's denial of coverage as a basis for a potential bad faith claim, Ohio sought declaratory relief from this Court that its coverage determination was correct, and promptly moved for summary judgment.  (Dkts. 1, 14).

In apparent recognition of its inability to allege a viable claim for bad faith, the Estate instead attempted to allege "bad faith" as an "affirmative defense."  (Dkt. 17 at 7).  Other than the fact that Ohio denied coverage, the Estate's allegations were wholly conclusory.  (Dkt. 17 at 7).  It alleged that Ohio "engaged in bad faith" but provided no explanation whatsoever as to the basis for that assertion.  (Dkt. 17 at 7).  The Estate nevertheless attempted to use this allegation as a springboard for patently harassing discovery into virtually every aspect of Ohio's business, including broad requests for a decade's worth of "all" advertisements, complaints, and lawsuits as well as "all" of Ohio's claims handling manuals.  (Dkts. 31-1, 31-2).  Ohio produced the claim file for the insurance claim at issue in the lawsuit, but objected to the remaining requests as irrelevant to any valid "claim or defense" in the lawsuit and filed a motion for protective order.  (Dkt. 30).  Ohio also moved to strike and dismiss the Estate's attempted "bad faith" affirmative defense."  (Dkt. 25).

In its April 25, 2022 Order, the Court agreed with Ohio that the Policies did not afford

---

[1] The Stipulated Settlement does not correctly identify Ohio Security or Ohio Casualty as the insuring entities. Ohio reserves any and all rights with respect to Defendants' failure to correctly identify the companies that issued the Policies in the Stipulated Settlement.

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 4

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

1  any coverage for the Underlying Action. (Dkt. 50). The Court recognized that the "plain terms" of the auto exclusion preclude coverage "when two conditions are met: (1) the injury at issue arises out of the ownership, maintenance, use or entrustment to others of any "auto;" and (2) the "auto" is owned or operated by or rented or loaned to any insured." (Dkt. 50 at 14). Because the allegations in the Fourth Amended Complaint "clearly and unambiguously" satisfied both requirements, the Court "concluded that, as a matter of law, Ohio did not have a duty to defend or indemnify Defendants Garage Plus, Danny Simon, or Jeremy Simon in the Underlying Action." (Dkt. 50 at 18-19). Accordingly, the Court granted Ohio's motion for summary judgment. (Dkt. 50).

The Court also agreed with Ohio that the Estate did not properly plead an affirmative defense or counterclaim for bad faith. (Dkt. 50 at 8-9). Bad faith could not operate as an "affirmative defense," the Court held, because it provides a basis for independent relief. (Dkt. 50 at 9). And although Rule 8(c)(2) permits the Court to convert an allegation mistakenly designated as an affirmative defense into a counterclaim, the Estate's conclusory allegations failed to satisfy the pleading standard applicable to an affirmative claim for relief. (Dkt. 50 at 9). Accordingly, the Court dismissed the allegations of bad faith, but granted the Estate leave to amend. (Dkt. 50).

**2.    The Amended Counterclaim**

The Estate attempted to cure these defects in a "First Amended Answer and Affirmative Defenses" filed on May 9, 2022 (the "Amended Counterclaim"). (Dkt. 52). Despite now having all documents relevant to Ohio's handling of the claim, however, the Amended Counterclaim contains virtually no additional factual allegations relating to Ohio's denial of coverage. (Dkt. 52 at 7). Rather, it simply alleges that Danny Simon and Garage Plus tendered the Fourth Amended Complaint to Ohio "[o]n March 31, 2021" and that Ohio promptly issued its coverage determination six days later "[o]n April 6, 2021." (Dkt. 52, ¶¶ 73-74). As this Court has already held, however, that denial was correct. (Dkt. 50).

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 5

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

The only other factual allegations pertain solely to conduct that occurred *after* Ohio correctly denied coverage and involve almost exclusively the actions of *Nautilus*, not Ohio. (Dkt. 52, ¶¶ 75-85). Specifically, the Counterclaim alleges that *Nautilus* contacted counsel for Mountain Crest and, later, the Estate, and that *Nautilus* asked that they delay or cancel a mediation scheduled for July 23, 2021. (Dkt. 52, ¶¶ 79-82). Although the Counterclaim alleges "on information and belief" that "Ohio and Nautilus" discussed this request and contains a conclusory assertion that *Nautilus* made it "for the benefit of one or both of the insurers," the Counterclaim does not identify or explain how Ohio would "benefit" from the proposed cancellation or delay. (Dkt. 52, ¶ 78). Rather, the only factual allegation relating to the reason for the alleged cancelation or delay is that "*Nautilus*" believed "it was not 'fair' or was 'unfair' if Ohio 'did not have to pay anything.'" (Dkt. 52 at ¶¶ 79, 81-82). In any event, the Counterclaim makes clear that Mountain Crest and the Estate rejected Nautilus's alleged request and the mediation proceeded as scheduled. (Dkt. 52, ¶¶ 80, 83, 85).

The allegations within the sole count of "Insurance Bad Faith" remain entirely conclusory. (Dkt. 52, ¶¶ 87-90). The Estate asserts, without factual support, that "Ohio failed to reasonably investigate the claims against Defendant Garage Plus," that Ohio's actions "constitute violations" of various claims handling regulations, and that this conduct "proximately caused harm and damages" to Garage Plus. (Dkt. 52, ¶¶ 87-89). The Complaint contains no factual support for these assertions. (*See* Dkt. 52, ¶¶ 87-89). And although the Estate repeats its allegation that Ohio "acting alone and/or in concert with or through Nautilus" requested to delay the mediation, it provides no additional facts to support that assertion. (Dkt. 52, ¶ 88).[2]

---

[2] Paragraph 88 does not even contain a complete sentence. It reads:

> 88. Ohio, acting alone and/or in concert with or through Nautilus, attempted to delay the mediation in the underlying lawsuit, misrepresenting to Defendant [sic]

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 6

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

## III.  ARGUMENT

**A.    The Amended Counterclaim Fails to State a Plausible Claim for Bad Faith**

The Estate's Amended Counterclaim should be dismissed for the same reasons set forth in this Court's April 25, 2022 Order.  In order to state a claim, the pleading must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  In considering a motion to dismiss, the Court accepts the truth of the "well-pleaded" factual allegations, *McAdory v. M.N.S. & Assoc., LLC*, 952 F.3d 1089, 1092 (9th Cir. 2020), but not "legal conclusions or threadbare recitals of the elements of a cause of action."  *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).  Moreover, while the Court may consider "reasonable inferences" from the facts alleged, allegations that are merely "consistent with" liability but are equally consistent with lawful conduct do not justify such an inference.  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1056 (9th Cir. 2011).  The Court should consider "obvious alternative explanations" for the challenged conduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009).  And a pleading does not state a plausible claim for relief unless it tends to exclude those alternative explanations as a possibility.  *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996-97 (9th Cir. 2014).

The Amended Counterclaim clearly fails under these standards.  In Washington, insurance bad faith is a tort that requires proof of the same four elements as any other: "duty, breach of that duty, and damages proximately caused by any breach of duty."  *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 485, 78 P.3d 1274 (2003).  A pleading alleging bad faith can survive a motion to dismiss, therefore, only if it contains factual allegations supporting each of these elements.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 ("a complaint must contain either

---

The paragraph ends there, without explaining what was allegedly "misrepresented."  (Dkt. 52 at 88).

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 7

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *see also U.S. v. Monaco Enters., Inc.*, No. 2:12-CV-0046-LRS, 2016 WL 3647872, *4 (E.D. Wash. July 1, 2016) ("a court will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action."). The Estate's Amended Counterclaim fails for two separate and independent reasons: first, it fails to allege any breach of duty on the part of Ohio; and second, it fails to allege that the conduct at issue caused any damages.

### 1. The Amended Counterclaim Does Not Allege Any Unreasonable, Frivolous, or Unfounded Conduct on the Part of Ohio

As an initial matter, the Amended Counterclaim does not contain any factual allegations that Ohio breached any duty owed to its insureds. To establish a breach of duty, the insured must prove that the insurer engaged in conduct that was "unreasonable, frivolous, or unfounded." *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 560, 951 P.2d 1124 (1998). Where the insurer acted based on a reasonable interpretation of the policy, however, its denial of coverage cannot support a claim for bad faith as a matter of law. *Kirk*, 134 Wn.2d at 560-61. Here, this Court's April 25, 2022 Order establishes just that. As this Court made clear in that Order, Ohio's denial of coverage was reasonable and dictated by the clear and unambiguous language of the auto exclusion.

The absence of the Order from the Estate's Amended Counterclaim does not prevent the Court from considering it. In deciding a motion to dismiss, the Court may consider, in addition to the pleading under consideration, "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "It is well established that a court can take judicial notice of its own files and records." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F.Supp.3d 1011, 1034 (C.D. Cal. 2015). Thus, the Court may consider its prior rulings in deciding a motion to dismiss. *MGIC Indem. Corp. v. Weisman*,

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 8

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

1  803 F.2d 500, 504 (9th Cir. 1986); *Tuma*, 916 F.2d 488, 491 (9th Cir. 1990).  Here, that prior
2  ruling conclusively defeats any attempt to allege bad faith based on Ohio's coverage
3  determination.
4       None of the remaining allegations even remotely suggest a breach of duty by Ohio.
5  Although the Washington Supreme Court has recognized the theoretical viability of a claim
6  for bad faith in the absence of coverage, such claims are limited to the situation where the
7  insurer mishandles the claim in some way such as by failing to conduct a reasonable
8  investigation.  *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 131, 196 P.3d
9  664 (2008).  This is because the duty of good faith is separate from the duties to defend and
10  indemnify, *Onvia*, 165 Wn.2d at 132, and is based on the "elevated level of trust [and]
11  dependence" an insured places in its insurer when it comes to investigating or defending
12  claims.  *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 386, 715 P.2d 1133 (1986).  But,
13  as the Washington Supreme Court has made clear, where the insurer correctly denied coverage,
14  complying with its duty of good faith "creates no insurmountable burden."  *Coventry Assoc.*
15  *v. Am. States Ins. Co.*, 136 Wn.2d 269, 279, 961 P.2d 933 (1998).  "The insurer is only required
16  to fulfill its contractual and statutory obligation to fully and fairly investigate the claim."
17  *Coventry*, 136 Wn.2d at 279.
18       The Amended Counterclaim contains no allegations to suggest that Ohio did not do so
19  here.  It contains only two allegations relevant to Ohio's investigation of the claim.  The first
20  is the bald assertion that Ohio "failed to reasonably investigate."  That assertion is, however,
21  entirely conclusory, and therefore not entitled to any presumption of truth.  *Ashcroft v. Iqbal*,
22  556 U.S. 662, 663-64 (2009).  Accordingly, the Court must simply ignore it for purposes of
23  this motion.
24       The only other allegation relating to Ohio's investigation is the fact that Ohio denied
25  coverage "only six days" after Garage Plus tendered the claim.  The relative promptness of
26  Ohio's investigation does not, however, demonstrate that the investigation was in any way

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 9

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

inadequate. Nor does it justify such an inference. Under *Iqbal*, the Court should consider whether there are any "obvious alternative explanations" for Ohio's prompt investigation. *Iqbal*, 556 U.S. at 682. That explanation is readily apparent from the Court's April 25, 2022 Order—namely, that the allegations within the four corners of the Fourth Amended Complaint themselves demonstrated that the auto exclusion clearly and unambiguously barred coverage. Moreover, although insurers in Washington have a duty to consider extrinsic evidence when the complaint is ambiguous, *Expedia Inc. v. Steadfast Ins. Co.*, 180 Wn.2d 793, 803-04, 329 P.3d 59 (2014), that duty does not arise when the allegations in the complaint are clear. *See also Absher Constr. Co. v. N. Pac. Ins. Co.*, 861 F.Supp.2d 1236, 1252 (W.D. Wash. 2012) (holding that the insurer was not obligated to consider extrinsic evidence because the allegations in the underlying complaint "were neither ambiguous nor inadequate with respect to [the insurer's] duty to defend."). And in any event, the Counterclaim does not allege that the Fourth Amended Complaint was ambiguous or that Ohio failed to consider any relevant extrinsic information. If anything, the fact that Ohio determined coverage within 6 days only reinforces the "obvious alternative explanation" that the claim was clearly not covered.

Finally, the Estate's allegations regarding Nautilus's alleged attempt to delay the mediation likewise do not suggest any unreasonable conduct in Ohio's investigation or handling of the claim. As explained above, because the duty of good faith with respect to an insurer who has *correctly* denied coverage extends only to its obligation to act reasonably in response to a claim or tender of defense, *Onvia*, 165 Wn.2d at 131-32, only those facts that relate to the insurer's investigation could possibly support such a claim. *Coventry*, 136 Wn.2d at 279 ("We hold an insured may maintain an action against its insurer *for bad faith investigation of the insured's claim* and violation of the CPA regardless of whether the insurer was ultimately correct in determining coverage did not exist.") (emphasis added). Here, however, the Amended Counterclaim itself makes clear that the alleged conduct regarding Nautilus's supposed attempt to delay the mediation occurred only ***after*** Ohio had concluded

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 10

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

its investigation and denied coverage. By the Estate's own admission, Ohio had denied coverage "[o]n April 6, 2021." It was not until more than three months later, "on or around July 20, 2021," that the Estate alleges Ohio "discuss[ed] with Nautilus" the possibility of delaying the mediation. But since Ohio had already (correctly) denied coverage at that time, any attempted delay of the mediation (even if it occurred) could not possibly have any effect on Ohio's investigation of the claim. Nor could it have prejudiced the insureds. As such, these allegations cannot support the essential elements of duty or breach.

Even if this alleged conduct had occurred during Ohio's investigation, it still would not support an inference that Ohio breached any duty to the insureds. The Estate does not allege that Ohio's alleged discussions with Nautilus or Nautilus's attempt to delay mediation in any way affected Ohio's investigation of the claim. The most the Counterclaim suggests is that Nautilus wanted to delay the mediation so that Ohio could participate. But it is not at all clear how Ohio's participation in the mediation could possibly give rise to the "unreasonable, frivolous, or unfounded" conduct required to state a claim for bad faith. *Kirk*, 134 Wn.2d at 560. And, as the Amended Counterclaim itself indicates, it was Nautilus, not Ohio, that allegedly made this (admittedly unsuccessful) request. These allegations do nothing to nudge the Estate's otherwise entirely conclusory assertion of bad faith "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547.

### 2. The Estate Has Not Alleged Any Actual Damages

But even if the Estate had alleged conduct satisfying the first two elements of a bad faith claim (which Ohio denies), its Amended Counterclaim would still fail to state a claim because it contains no factual allegations supporting the third and fourth elements. Causation and damages are essential elements of a bad faith claim. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 394, 823 P.2d 499 (1992). And while an insured is entitled to a presumption of harm when the insurer wrongly denied the claim, that presumption does not apply when the insurer's rejection of the tender was correct. *Onvia*, 165 Wn.2d at 133. As the Washington

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 11

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930


Supreme Court has expressly held, that presumption of harm—commonly referred to as "coverage by estoppel"—"is not recognized in this context." *Id*. As a result, when the insurer correctly denied coverage, "no rebuttable presumption of harm can arise" and the insured "must prove actual harm." *Id*.[3]

The Amended Counterclaim is devoid of any factual allegations to support the entirely conclusory assertion that "Ohio's bad faith proximately caused harm and damages to its insured." Although the Estate, without any factual basis, alleges that Ohio and Nautilus "agreed" on a "plan" to delay or cancel the mediation "for the benefit of one or both insurers," it fails to explain how this delay or cancellation would benefit Ohio or cause any harm to Danny, Jeremy, or Garage Plus. On the contrary, the only explanation the Counterclaim provides—that it would be "unfair if Ohio did not have to pay anything"—suggests that, if anything, a delay or cancellation might have *benefited* the insureds because it could have brought another carrier to the mediation.

But even if delaying mediation would somehow have harmed the insureds, the Amended Counterclaim makes clear that this alleged harm never came to fruition. By the Estate's own admission, the "plan" the Counterclaim describes was not successful—the insureds declined to delay or cancel the mediation, and it proceeded as scheduled on July 23, 2021. Despite the Estate's long-winded attempt to manufacture controversy by mischaracterizing what is fundamentally benign conduct, its Counterclaim still fails to allege any damages caused by that conduct.

In short, since this Court's April 25, 2022 Order establishes that Ohio properly denied

---

[3] Ohio acknowledges that the Court's April 25, 2022 Order contains a sentence that suggests otherwise. (*See* Dkt. 50 at 8:14-19). Ohio respectfully requests that the Court reconsider this statement in light of the Washington Supreme Court's holding in *Onvia*. There, the Court held that where the insurer's "rejection of the insured's claim and tender of defense was proper … [t]he remedy of coverage by estoppel is not recognized." *Onvia*, 165 Wn.2d at 133. Given the Court's determination that Ohio properly denied coverage, the situation contemplated in *Onvia* is precisely the situation before the Court.

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 12

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

the claim, the Estate must plead actual damages in order to state a viable claim for bad faith. It has not done so. Accordingly, the Amended Counterclaim must be dismissed for this reason as well.

### B. The Estate's Counterclaim Should Be Dismissed With Prejudice and Without Leave to Amend

Lastly, Ohio respectfully requests that the Court dismiss the Estate's Amended Counterclaim with prejudice and without leave to amend. A party's repeated failure to cure deficiencies provides "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 988, 1007 (9th Cir. 2009). The Estate has now been afforded two opportunities to allege a bad faith counterclaim that satisfies Rule 8(a). Despite now having discovery into Ohio's claim file, the Estate has still failed to plead a valid claim. And the utterly nonsensical nature of the present allegations only reinforces the conclusion that there is simply no bad faith to allege. Allowing further amendments will serve only to waste Ohio's and the Court's resources.

### IV. CONCLUSION

For these reasons, Ohio respectfully requests that its Motion to Dismiss be granted and that the Estate's Amended Counterclaim be dismissed with prejudice and without leave to amend.

//
//
//
//
//

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 13

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

DATED: May 23, 2022

BULLIVANT HOUSER BAILEY PC


By  */s/ Jared F. Kiess*
   Michael A. Guadagno, WSBA #34633
   E-mail: michael.guadagno@bullivant.com
   Jared F. Kiess, WSBA #54532
   E-mail: jared.kiess@bullivant.com

Attorneys for Plaintiffs Ohio Security Insurance Company and the Ohio Casualty Insurance Company

4879-9185-7697.1

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 14

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

# CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF e-filing system which will send notification of such filing to the persons listed below:

Darrell L. Cochran
Kevin M. Hastings
Christopher E. Love
Alexander G. Dietz
PFAU COCHRAN VERTETIS AMALA PLLC
909 A Street, Suite 700
Tacoma, WA 98402-4413
darrell@pcvalaw.com
kevin@pcvalaw.com
chris@pcvalaw.com
adietz@pcvalaw.com

☐ via hand delivery.
☐ via first class mail.
☐ via email
☒ CM/ECF E-service

*Attorneys for Defendant Alan E. Rainwater, individually and in his capacity as personal representative for the Estate of Susan Rainwater, Danny Simon, Garage Plus Storage Aviation, LLC and Mountain Crest Homes, LLC,*

Salvador A. Mungia
Robert C. Wilke
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
smungia@gth-law.com
rwilke@gth-law.com

☐ via hand delivery.
☐ via first class mail.
☐ via email
☒ CM/ECF E-service

*Attorneys for Defendant Leah Miller*

Dated: May 23, 2022.

/s/ Sally Gannett
Sally Gannett, Legal Assistant

MOTION TO DISMISS DEFENDANT RAINWATER'S AMENDED COUNTERCLAIM
NO.: 3:21-CV-05579-BHS

PAGE 15

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930